**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CHRISTIAN VELEZ,<br><br>Defendant. | Criminal Action No. 98-00092 (SDW)<br><br>**WHEREAS OPINION**<br><br>July 17, 2023 |

  **THIS MATTER** having come before this Court upon Defendant Christian Velez's ("Defendant") Motion for Temporary Modification of Restitution Order, (D.E. 47), filed on April 18, 2023; and

  **WHEREAS** at sentencing, Defendant was ordered to pay restitution of $12,750.00, and has since participated in the Federal Bureau of Prisons Inmate Financial Responsibility Program ("IFRP"). (*Id.* at 1.) Defendant requests that this Court issue an amended Restitution Order suspending payment until Defendant is released to a halfway house in December and thereafter secures employment and housing, so that Defendant may save money in anticipation of his release. (*Id.*); and

  **WHEREAS** the Government opposes Defendant's Motion on procedural grounds because Defendant has not exhausted administrative remedies with the Bureau of Prisons ("BOP"), which controls and administers the IFRP, thus the matter is not properly before this Court. (D.E. 50 at 1–2.); and

  **WHEREAS** "[t]he IFRP is meant to 'encourage[] each sentenced inmate to meet his or her legitimate financial obligations,'" *McGee v. Martinez*, 627 F.3d 933, 936 (3d Cir. 2010)

quoting 28 C.F.R. § 545.10)), and is "therefore part of the Bureau's means of 'executing' the sentence," *id.* Importantly, "[c]ourts are not authorized to override the [BOP's] discretion about such matters," and "[p]risoners dissatisfied with a warden's administration of the [IFRP] may appeal within the [BOP]." *United States v. Sawyer*, 521 F.3d 792, 794 (7th Cir. 2008) (citing 28 C.F.R. §545.11(d)); and

**WHEREAS** here, Defendant does not indicate that he has pursued and exhausted all available administrative remedies with the BOP. (*See* D.E. 47.) Further, even if Defendant had indicated that he exhausted the available administrative remedies, this Court would not be the proper Court to address Defendant's appeal of administrative decisions concerning the IFRP. *See United States v. Fenton*, 577 F. Supp. 2d 458, 459 (D. Me. 2008) (discussing an appeal of an administrative decision made by the BOP concerning the IFRP and noting that "such a challenge must be brought as a habeas petition pursuant to 28 U.S.C. § 2241 in the district in which the defendant is incarcerated"); therefore

Defendant's Motion for Temporary Modification of Restitution Order, (D.E. 47), is **DENIED**. An appropriate order follows.

                                                                      /s/ Susan D. Wigenton
                                                 **United States District Judge**

Orig:   Clerk
cc:     Parties